# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FEB 28 2022 AM10:54
FILED - USDC - BPT - CT

## CIVIL RIGHTS COMPLAINT

SANDEEP AGARWAL

_______________________________,
Plaintiff(s),
(Full name(s); Do not use ***et al.***)

v.

Case No. 3:22cv312(MPS)
(To be supplied by the court)

MILFORD POLICE DEPT.

_______________________________

_______________________________

_______________________________

_______________________________

_______________________________

_______________________________
Defendant(s).
(Full name(s) and capacity, e.g., official capacity, individual capacity, or official and individual capacitites) (Do not use ***et al.***)

## A. PARTIES

1. SANDEEP AGARWAL (Plaintiff) is a citizen of CONNECTICUT (State) who presently resides at 170 W MAIN ST., 204J, MILFORD, CT 06460 (mailing address).

2. Defendant MILFORD POLICE DEPT. (name of first defendant) is a citizen of ______________ (State)

whose address is 430 Boston Post Rd, MILFORD, CT 06460,

and who is employed as _______________________________ (title and place of employment).

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __✓__Yes ____No. If your answer is "Yes," briefly explain:

______________________________________________

______________________________________________

3. Defendant ______________________________ is a citizen of ____________________
(name of second defendant) (State)

whose address is ______________________________________________

and who is employed as ______________________________________________.
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ____Yes ____No. If your answer is "Yes," briefly explain:

______________________________________________

______________________________________________

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

____✓____ 42 U.S.C. § 1983 (applies to state defendants)

__________ ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal defendants)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

______________________________________________

______________________________________________

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

Please See Attached.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** Please See attached.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

**Claim II:** ______________________________________________

______________________________________________

______________________________________________

Supporting Facts:

**Claim III:** ______________________________________________

______________________________________________

______________________________________________

Supporting Facts:

## E. REQUEST FOR RELIEF

I request the following relief:

Please see attached.

## F. JURY DEMAND

Do you wish to have a jury trial? Yes ✓ No ______

________________________ Original signature of attorney (if any)

[signature] Plaintiff's Original Signature

________________________ Printed Name

SANDEEP AGARWAL Printed Name

________________________

________________________

( ) ________________________ Attorney's full address and telephone

170 N. Main St., 204J
MILFORD, CT 06460
(602) 814-1246
Plaintiff's full address and telephone

________________________ Email address if available

Agarwal.Sandeep@gmail.com Email address if available

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Bridgeport (location) on Feb 28, 2022. (date)

[signature] Plaintiff's Original Signature

(Rev. 3/21/16)

# Nature of Complaint

1. My Name is Dr. Sandeep Agarwal and I reside at 170 W. Main St. Apt. 204J, Milford, CT 06460.
2. The Respondent is Milford Police Department, and whose office is located at 430 Boston Post Rd, Milford, CT 06460.
3. On 07/20/2021, I, in a sworn written statement made a complaint about a domestic violence incident that happened at my previous residence (66 Myrtlewood Dr., Milford, CT 06461). I was attacked and injured by my spouse on 07/15/2021. I requested officer (name not sure) to investigate it further and arrest spouse, if necessary. I was asked about my race at the time of reporting.
4. I received a call from Office Dubrow about my arrest warrant 08/03/2021 and I was asked to appear at Milford police department to 'take care of it'.
5. At the time of arrest, I asker office Dubrow about the reason for my arrest when I clearly made a statement about the person at the receiving end of Domestic violence.
6. Office Dubrow stated that they received a similar complaint from my spouse as well and although She did admit that she attacked, they chose to order an arrest warrant for me based on pretext of dominant aggressor.
7. Officer Dubrow stated that complaint made by myself on July 20 was not registered as a complaint and as a statement to complaint filed by my spouse and hence she was not arrested even though she did admit attacking Plaintiff.
8. Officer Dubrow also stated that he submitted only Spouse's complaint to the prosecutor with a note that Plaintiff was dominant aggressor.
9. Plaintiff obtained both police reports.
10. Spouse police statement clearly stated that she approached Plaintiff in fit of anger and struck him with a closed fist in the chest and slapped him on shoulders
11. Plaintiff police report stated he repeatedly pushed her back off him in his self-defense but did not hit her.
12. Plaintiff was discriminated against by terming him 'dominant aggressor' in report sent to prosecutor which led to his arrest.

13. Plaintiff made a complaint to Police Department against this discrimination. As a remedy, defendant sent a report against spouse to the prosecutor, however, still, naming Plaintiff as the dominant aggressor. As a result, it did not result in any action.
14. Plaintiff was the victim of wrongful arrest by Defendant in violation of the Equal Rights Amendment to the U.S. Constitution
15. Plaintiff brings suit under 42 U.S.C. § 1983.
16. Plaintiff has served notice of his claims in compliance with Connecticut Human Rights Organization
17. Plaintiff seeks money damages and equitable relief from Defendants for violating his constitutional rights, and injunctive relief to prevent injury to himself in the future. He also brings forward supplemental claims for violations of Connecticut state law.

# Cause of Action

1. 42 U.S.C. 1983 (Equal Rights Amendment – Discriminatory Behavior of State official)
   a. Plaintiff makes a claim under 42 USC § 1983 for violation of the Equal Rights Amendment of the U.S. Constitution.
   b. Because of my ethnicity (Indian) and race where male is often considered aggressor in domestic relationship, I have been discriminated against. Officer Dubrow asked about Plaintiff's race while recording his statement.
   c. Dominant aggressor definite does not always indicate male gender as it has been applied in this case, without any logical thought and investigation.

2. 42 U.S.C. 1983 (City of Milford, CT)
   a. Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution.
   b. This discriminatory behavior of officer Dubrow is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as the Plaintiff.
   c. All acts of the individual Defendants alleged above were conducted within the scope of the Defendants' employment or duties.

3. Defendant breached its duty of care to Plaintiff by failing to properly supervise, provide training, and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of Plaintiff.
4. As a result of Defendants' negligent acts, Plaintiff reasonably feared for his safety and has suffered severe emotional distress.

# Request for Relief

1. Enter a declaratory judgement on behalf of Plaintiff that Defendant's policies, pattern of practices , customs, lack of supervision, failure to train, acts, and omissions, described herein, constituted wrongful arrest in violation of the Fourth Amendment.
2. Enter a declaratory judgement on behalf of Plaintiff that Defendant's policies, pattern of practices , customs, lack of supervision, failure to train, acts, and omissions, described herein, constituted wrongful gender discriminatory arrest in violation of the Equal Rights Amendment.

3. Enter judgement on behalf of Plaintiff against Defendants for compensatory damages in excess of $1,000,000 for (1) violation of Equal Rights Amendment (2) for loss of liberty – immediate removal from his home and belongings and access to kids, and (2) physical and emotional distress – living in hotels and motels while covid was spreading, endangering his and his kids' lives and reduces access to kids (3) loss of reputation in society.
4. Order Defendants to pay punitive and other exemplary damages based on 42 U.S.C. 1983 claims;
5. Order Defendants to pay Plaintiff's court fees and costs as authorized by 42 U.S.C. 1988; pre-judgement interest and any other relief deemed necessary and proper;
6. For leave to amend Complaint to include a claim for punitive damages under state law
7. Grant all other and additional relief to which Plaintiff may be entitled.